LILY M. DAVIS AND R. F. DAVIS, HER HUSBAND, *Appellants,* v. W. J. LEONARD, *Appellee.*

Opinion Filed November 11, 1913.

1. Signing as witness a bill of sale of personal property by the wife and subsequent recognition of the contract of sale is a sufficient joinder therein by the husband.

2. When one joint tenant of a newspaper plant, a married woman, excludes the other tenant from its use and enjoyment, and wastes its assets, she cannot complain that the court declines to appoint a receiver if she will give bond to preserve the property and pay what might be due.

Appealed from Circuit Court of Orange County; J. W. Perkins, Judge.

Order affirmed.

*Dickinson & Dickinson,* for Appellants;

*Starbuck & Starbuck,* for Appellee.

COCKRELL, J.—Upon a bill alleging that the complainant Leonard, had purchased from Mrs. Davis, the owner, a one-third interest in a newspaper plant, and that Mrs. Davis and her husband, after recognition of his interest therein for some time by accounting and turning over to him his share of the profits therefrom, had suddenly denied him any rights therein, and were diverting the income to their own uses and impairing the finances of the plant, it was ordered that a receiver be appointed *pendente lite,* unless the respondent give bond conditioned to preserve the assets of the property, and to pay what might thereafter be decreed to be due the complainant. The defendants have appealed from this order.

It is argued that there is no joint ownership of the property because the uncontradicted affidavits of the husband and wife show that the husband did not consent to the sale by Mrs. Davis to Leonard.

The bill of complaint shows that a bill of sale was signed by the wife and witnessed by the husband, who subsequently demanded of Leonard that he be allowed fifty dollars a month as salary from the business. In the language of this court in Tunno v. Robert, 16 Fla. 738 text 748, "we think it was a joining within the meaning of the statute, even admitting its application to the present case."

Because a married woman may not become a partner in all aspects of that term, it is insisted that a receiver may not be appointed over the joint assets. This does not necessarily follow.

The facts here alleged constitute a clear case of the use and enjoyment by one tenant, to the entire exclusion of her co-tenant; under our constitutional provision the fact that the tenant so ousting the other is a married woman, makes a case peculiarly adapted to a court of equity, and

there is ample showing as to waste of the joint assets. The order *nisi* before the appointment of a receiver, seems to have been drawn, with the case of Low v. Holmes, 2. C. E. Green (17 N. J. Eq.) 148, before the court, a case singularly in its facts like this, not only in the joint ownership, but in the subject-matter, the property involved.

Order affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.